IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| JK ENTERPRISES LLC DBA | § | |
| J. KLINE JR. ENTERPRISES LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:15-cv-188 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| AND ADAM CABRERA, | § | |
|     Defendants. | § | |

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Scottsdale Insurance Company ("Scottsdale"), through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the action captioned *JK Enterprises LLC DBA J. Kline Jr. Enterprises LLC v. Scottsdale Insurance Company and Adam Cabrera*, Cause No. 15-0091-C26, in the 26th Judicial District of Williamson County, Texas.

**I.**
**INTRODUCTION AND BACKGROUND**

1.     This is a first party insurance lawsuit arising out of a dispute over the scope and valuation of roof damage to Plaintiff's building.[1]

2.     Plaintiff, JK Enterprises LLC d/b/a J. Kline Jr. Enterprises LLC, sued its insurer, Scottsdale, and Adam Cabrera, the independent adjuster who inspected the property and prepared a damages estimate for Scottsdale.  Mr. Cabrera, the sole non-diverse defendant, was improperly joined in this lawsuit in order to defeat diversity jurisdiction.  When Mr. Cabrera's citizenship is disregarded, as it should be, the parties are completely diverse.  In addition, it is undisputed that the amount in controversy exceeds the minimum for federal jurisdiction, as Plaintiff's state court

---

[1]     *See* Exhibit A, Plaintiff's Original Petition.

petition affirmatively represents that "Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00." Accordingly, removal is proper under 28 U.S.C. §§ 1441 and 1446.

3.      The insurance claim made the basis of this suit was not complicated. Plaintiff owns a motorcycle shop located at 1401 Sam Bass Road in Round Rock, Texas. The shop allegedly suffered damage in a hailstorm on March 28, 2014. Plaintiff asserted a claim under Plaintiff's Scottsdale insurance policy about five months after the loss. Scottsdale assigned the claim to an independent adjusting firm which then assigned the inspection to Mr. Cabrera.

4.      Mr. Cabrera inspected the property on September 15, 2014.[2] As a result of his inspection, he prepared the estimate attached as an exhibit to Plaintiff's Petition. Importantly, Mr. Cabrera's role was limited to the inspection of the property, assessment of damage, and preparation of an estimate; he did not have settlement authority, did not make ultimate coverage determinations, and did not issue any payment to Plaintiff or direct payment to be issued.

5.      Scottsdale issued a claim payment to Plaintiff in the amount of $34,445.79. More than three months later, Plaintiff's counsel sent a demand letter with a competing estimate,[3] and Scottsdale requested a re-inspection.[4] Counsel did not respond to the request, but instead filed the instant suit in state court against Scottsdale and Mr. Cabrera.

6.      Plaintiff's petition is a form pleading that asserts contractual, statutory, and common law causes of action arising out of Scottsdale's alleged underpayment of Plaintiff's insurance claim.[5] Generally, Plaintiff's allegations are against Scottsdale and Mr. Cabrera interchangeably, and do not connect Plaintiff's factual allegations to the various legal

---

[2]      See estimate attached as an exhibit to Exhibit A, Plaintiff's Original Petition.

[3]      Exhibit B, demand letter.

[4]      Exhibit C, correspondence to Plaintiff's counsel.

[5]      Exhibit A, Plaintiff's Original Petition.

contentions.   Plaintiff's petition fails entirely to demonstrate a cause of action against Mr. Cabrera that is separate and apart from Plaintiff's claims against Scottsdale.

7.      Scottsdale does not admit the underlying facts alleged by Plaintiff, and expressly denies any liability for the claims asserted in this lawsuit.[6]   This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. § 1446(b).

## II.
## DIVERSITY JURISDCITION

8.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiff is a citizen of Texas.  Scottsdale is organized under the laws of Ohio and maintains its principal place of business in Arizona.  Adam Cabrera, the only non-diverse defendant, has been improperly joined and his citizenship should be disregarded.

### A.      Amount in Controversy

9.      Plaintiffs' petition expressly states that Plaintiff "seeks monetary relief over $200,000 but not more than $1,000,000."  The threshold for diversity jurisdiction, $75,000, is therefore already admitted by Plaintiffs in their initial pleading.  In addition, Plaintiffs' demand letter sought, at a minimum, $283,257.61.  The amount in controversy requirement is satisfied.

### B.      Diversity of Parties and Improper Joinder

10.     Plaintiff is a citizen of Texas, as alleged in Plaintiff's Original Petition.[7]

---

[6]        Exhibit D, Defendants' Original Answer.

[7]        Exhibit A, Plaintiff's Original Petition, at p. 1.

11.     Scottsdale is organized under the laws of the state of Ohio and has its principal place of business in Arizona.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Scottsdale is a citizen of the States of Ohio and Arizona.

12.     Mr. Cabrera is a citizen of Texas; however, his citizenship should be disregarded for the purposes of determining this Court's jurisdiction.

13.     A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity.[8]   Improper joinder can be established in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[9]   To establish improper joinder, a defendant must show "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[10]

14.     To evaluate the question of improper joinder, courts perform a Rule 12(b)(6)-type analysis, looking at the allegation of the petition to determine whether the petition states a claim under state law against the non-diverse defendant.[11]

---

[8]     *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

[9]     *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[10]    *Id.* at 573.

[11]    *Id.* Courts are divided concerning whether to apply the Texas notice-pleading standard or the federal *Twombly* standard.  *See Yeldell v. Genovera Specialty Ins. Co.*, Civ. No. 3:12-cv-1908-M, 2012 WL 5451822 at *2 (N.D. Tex. Nov. 8, 2012), and cases cited therein.  As the Northern District has recognized, Texas' new Rule 91a has turned this question into a distinction without a difference.  *See Davis v. Metropolitan Lloyds Ins. Co. of Tex.*, No. 4:14-CV-957-A, 2015 WL 456726 at *2 (N. D. Tex. Feb. 3, 2015) (McBryde, J.); *see also, e.g., Landing Council of Co-Owners v. Fed. Ins. Co.*, Civ. No. H-12-2760, 2013 WL 530315 at *1-*3 (S.D. Tex. Feb. 11, 2013) (explaining application of federal standard prior to implementation of Rule 91a).   In the alternative, Scottsdale urges the Court that Plaintiff's pleading fails to support recovery against Mr. Cabrera even under a Texas state court analysis.

15.     Scottsdale will show that Plaintiff's allegations against Mr. Cabrera cannot support recovery in this suit.  The Fifth Circuit has made clear that in order to show a reasonable possibility that a Texas court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused the harm.[12]

16.     The bulk of Plaintiff's causes of action are asserted against "Defendants," or in the Petition's section headers, against "Scottsdale and Cabrera."  Plaintiff asserts violations of the Texas Insurance Code against Defendants,[13] violations of the Texas Deceptive Trade Practices Act against Defendants,[14] and common law bad faith against Defendants.[15]  These claims are not made against Mr. Cabrera in his individual capacity.  Conclusory allegations against an insurer and its adjuster in tandem do not provide a reasonable basis to predict that a plaintiff can recover against the adjuster.[16]  As stated by Judge Harmon of the Southern District, "when an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster."[17]  Throughout the sections of the Original Petition identifying Plaintiff's causes of action, Plaintiff makes no effort whatsoever to differentiate between the acts of

---

[12]     *Hornbuckle*, 385 F.3d at 545 (citing *Liberty Mutual Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482 (1998)); *see also Frisby v. Lumbermens Mut. Cas. Co.*, 500 F.Supp.2d 697, 700 (S.D. Tex. 2007).

[13]     Exhibit A, Plaintiff's Original Petition, at pp. 9 and 11-13.

[14]     *Id.* at pp. 9-11.

[15]     *Id.* at p 14.

[16]     *Moore v. Travelers Indem. Co.*, No. 3:10-CV-1695-D, 2010 WL 5071036 at *5 (N.D. Tex. Dec. 7, 2010).

[17]     *Novelli v. Allstate Texas Lloyd's*, Civ. No. H-11-2690, 2012 WL 949675 (S.D. Tex. March 19, 2012), citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, Civ. No. H-10-1846, 2011 WL 240335 at *14 (S.D. Tex. Jan. 20, 2011).

Scottsdale and those of the independent adjuster, Mr. Cabrera.  These claims fail to establish an independent cause of action against the non-diverse defendant.

17.     Furthermore, Plaintiff's causes of action against Mr. Cabrera include claims that cannot be asserted against insurance adjusters and that are unsupportable as pleaded as a matter of law.  For example, the prompt payment of claims act permits recovery against an insurer only,[18] and adjusters do not owe the common law duty of good faith and fair dealing.[19]  Plaintiff as a matter of law was not a consumer of Mr. Cabrera's independent adjusting services for purposes of DTPA liability.[20]  And Plaintiff's Insurance Code claims are not supported by pleaded facts within the scope of actions prohibited by the statute.[21]

18.     Finally, Plaintiff's Original Petition bears several "badges of improper joinder"[22] that weigh in favor of federal jurisdiction.  Plaintiff utilizes "'a standard form petition developed for use in similar cases' which appears 'purposefully designed to defeat federal court jurisdiction.'"[23]  And there appears to be no reason that Mr. Cabrera was joined in this case other than to attempt to avoid removal.[24]

---

[18]     TEX. INS. CODE § 542.060(a).

[19]     *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994).

[20]     Tex. Bus. & Com. Code § 17.45(4).  Plaintiff did not seek or acquire Mr. Cabrera's independent adjusting services by purchase or lease; Mr. Cabrera was assigned to the claim by an independent adjusting firm retained by Scottsdale.

[21]     *See One Way Investments, Inc. v. Century Surety Co.*, Civ. Action No. 3:14-CV-2839-D, 2014 WL 6991277 at *3-*5 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (mem. op.), citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724-25 (N.D. Tex. 2014).

[22]     *Plascencia v. State Farm Lloyds*, No. 4:14-CV-542-A, Doc. No. 17, at pp. 15-18 (N.D. Tex. filed Sept. 25, 2014) (McBryde, J.) (mem. op. and order).

[23]     *Id.* at p. 16, citing *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001) and *Studer v. State Farm Lloyds*, No. 4:13-CV-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014).

[24]     *Plascencia v. State Farm Lloyds*, No. 4:14-CV-542-A, Doc. No. 17, at p. 18, citing *Jimenez v. Travelers Indem. Co.*, Civ. Action No. H-09-1308, 2010 WL 1257802, at *5 (S.D. Tex. March 25, 2010) (Harmon, J.).

**C.      Conclusion**

19.      The amount in controversy is incontestably established, and Mr. Cabrera, the only diverse defendant, is improperly joined.  Diversity jurisdiction therefore exists, and removal of this case is proper and is timely noticed.

WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert R. Russell
Texas Bar No. 24056246
rrussell@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
SEGAL MCCAMBRIDGE SINGER & MAHONEY
100 Congress Avenue, Suite 800
Austin, TX 78701
Phone: (512) 476-7834
Fax: (512) 476-7832

**ATTORNEYS FOR DEFENDANTS**
**SCOTTSDALE INSURANCE**
**COMPANY AND**
**ADAM CABRERA**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via ECF and facsimile this the 5th day of March, 2015 to:

Humberto G. Garcia                                          *Via Facsimile: (210) 495-6790*
Humberto G. Garcia, PLLC
1350 N. Loop, 1604 E., Suite 104
San Antonio, Texas 78232
humberto@speightsfirm.com

W. Lee Calhoun                                              *Via Facsimile: (210) 495-6790*
Speights & Worrich
1350 N. Loop 1604 E., Suite 104
San Antonio, Texas 78232
lee@speightsfirm.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp