

**CORPORATION SERVICE COMPANY®**

null / ALL
**Transmittal Number: 13443989**
**Date Processed: 02/09/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 1-30-403<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Kevin Jones<br>Rebecca Lewis 1-30-403<br>Cassandra Struble 1-30-403 |

| | |
|---|---|
| **Entity:** | Scottsdale Insurance Company<br>Entity ID Number  3286058 |
| **Entity Served:** | Scottsdale Insurance Company |
| **Title of Action:** | Jk Enterprises LLC dba J. Kline Jr. Enterprises LLC vs. Scottsdale Insurance Company Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Williamson County District Court, Texas |
| **Case/Reference No:** | 15-0091-C26 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/06/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Humberto G. Garcia<br>210-495-6789 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



**DEFENDANT'S**
**EXHIBIT A**

## CITATION BY CERTIFIED MAIL
## THE STATE OF TEXAS, COUNTY OF WILLIAMSON
## NO. 15-0091-C26

JK ENTERPRISES LLC DBA J. KLINE JR. ENTERPRISES, LLC VS. SCOTTSDALE INSURANCE COMPANY, ADAM CABRERA

TO:   **SCOTTSDALE INSURANCE COMPANY**
      **BY SERVING ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY**
      **211 E 7TH STREET SUITE 620**
      **AUSTIN TX 78701**

DEFENDANT in the above styled and numbered cause:

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment for the relief demanded in the petition may be taken against you.

NOTICE: This constitutes service by certified mail as allowed by RULE 106(a)(2) of the TEXAS RULES OF CIVIL PROCEDURE.

Attached is a copy of the PLAINTIFF'S ORIGNAL PETITION in the above styled and numbered cause, which was filed on the 30th day of October, 2015, in the 26th Judicial District Court of Williamson County, Texas. This instrument describes the claim against you.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, on this the 30th day of January, 2015.

ADDRESS OF ATTORNEY FOR PLAINTIFF:
Humberto G Garcia
411 Heimer RD
San Antonio TX 78232-4854



**LISA DAVID, DISTRICT CLERK**
Williamson County, Texas
P. O. Box 24, 405 M.L.K. Street
Georgetown, Texas 78627-0024

BY: _____
Angela Garcia, Deputy

### RETURN OF CITATION BY CERTIFIED MAIL

Came to hand on the 30th day of October, 2015 at 9:20AM, and I hereby certify that on January 30, 2015, I mailed to Scottsdale Insurance Company  Corporation Service Company  211 E 7th Street Suite 620  Austin Tx 78701, by certified mail, return receipt requested with restricted delivery, a true copy of this citation together with a copy of plaintiff's orignal petition attached thereto.

By: _____
Angela Garcia, Deputy

Attach certified mail issuance receipt, with certified mail number here.

Check one of the choices below, then date and sign it:

☐  Service upon the respondent is evidenced by the return receipt incorporated herein and attached hereto, signed for on:
   _____ by _____
   Date                              Deputy

☐  Service upon the respondent was *NOT executed* for the following reason: _____
   _____ by _____
   Date                              Deputy

Attach certified mail return card (green card) on back side of this document.



### :·: RETURN ORIGINAL TO WILLIAMSON COUNTY DISTRICT CLERK ·:·

**ORIGINAL**

# WILLIAMSON COUNTY LOCAL RULES

## C. PRE-TRIAL PROCEDURES

C-2 SCHEDULING. At the time of filing in each non-family civil case, the Clerk will provide the plaintiff a copy of the following rules relating to pre-trial scheduling to be served with the petition. They are as follows:

a) Any additional parties to be joined within 90 days from the date answered filed.

b) Plaintiff's expert witnesses to be designated within 120 days from the date answer is filed. Defendant's expert witnesses shall be designated within 150 days from the date answer is filed.

c) Discovery shall be completed within 180 days from the date answer is filed.

d) Motions for summary judgment to be filed within 210 days from the date answer is filed.

e) A settlement conference must be held with the two parties present within 250 days from the date of answer.

f) A pre-trial statement setting forth unresolved issues, proposed jury charges, and stipulations and all matters to be considered in Rule 166 pre-trial conference shall be filed no later than 270 days from the date of answer. If the parties are unable to agree on a joint pre-trial statement then separate submission is required.

*NOTE A copy of this rule will be attached to citations issued by the Clerk.

Filed: 1/30/2015 9:20:13 AM
Lisa David, District Clerk
Williamson County, Texas
Angela Garcia

15-0091-C26

**CAUSE NO. _____**

| | | |
|---|---|---|
| JK ENTERPRISES LLC DBA | § | IN THE DISTRICT COURT |
| J. KLINE JR. ENTERPRISES LLC | § | |
| | § | Williamson County - 26th Judicial District Court |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | WILLIAMSON COUNTY, |
| COMPANY AND ADAM CABRERA | § | TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes JK Enterprises LLC DBA J. Kline Jr. Enterprises LLC, hereinafter referred to as "Plaintiff," complaining of Defendants, Scottsdale Insurance Company and Adam Cabrera (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, JK Enterprises LLC DBA J. Kline Jr. Enterprises LLC, is an entity and resident of Texas.

Defendant, Scottsdale Insurance Company ("Scottsdale"), is an insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas. It can be served with citation by serving its registered agent, Corporation Service Company, by certified mail, return receipt requested, at 211 E. 7th St. Ste. 620, Austin, Texas 78701-3218.

Defendant, Adam Cabrera ("Cabrera"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 1646 Sunshine Peak, New Braunfels, Texas 78130 or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Williamson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Williamson County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Williamson County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

A.   Plaintiff is the owner of insurance Policy Number CPS1951808 issued by Defendant, Scottsdale (hereinafter referred to as the "Policy").

B.   Plaintiff owned the insured property, which is specifically located at 1401 Sam Bass Rd., Round Rock, Williamson County, Texas 78681-4139 on March 28, 2014 (hereinafter referred to as the "Property").

C.   Defendant Scottsdale or its agent sold the Policy, insuring the Property, to Plaintiff.

D.   On or about March 28, 2014, a wind and hailstorm struck the Round Rock, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.   In August of 2014, Plaintiff submitted a claim to Scottsdale against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm. Plaintiff asked that Scottsdale cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.   Defendants have assigned claim number 01611367 to Plaintiff's claim.

G.   Defendant Scottsdale sent out an adjuster, Adam Cabrera, to evaluate Plaintiff's damages. This adjuster was the agent for Scottsdale and represented Scottsdale in regard to Plaintiff's claim.

H.   Cabrera also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Cabrera acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Cabrera is a "person" who is individually liable

for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.

I.    Defendant Cabrera improperly adjusted the Plaintiff's claim. Defendant Cabrera conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages.[1] Cabrera did not allow adequate funds to cover repairs to restore Plaintiff's Property. Without limitation, Cabrera misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Cabrera made these and other misrepresentations to Plaintiff as well as to Scottsdale. Plaintiff and Scottsdale both relied on Cabrera's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Cabrera's misrepresentations caused Scottsdale to underpay Plaintiff on its insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Cabrera also advised Plaintiff as to how it could repair its Property so as to prevent further damage to the Plaintiff's Property.[3] This advice was negligent and false because it turns out Plaintiff could not properly repair its Property and prevent future damage by following Cabrera's advice. Plaintiff's Property has sustained further damages as a result.

---

[1] *See Exhibit A: Defendant's Adjustment Report Dated 9/15/14.*
[2] *Id.*
[3] *Id.*

Page 4 of 17

J.      During the inspection, Cabrera was informed that there was interior leaking but he never entered the building to investigate. As a result of this unreasonable investigation, he failed to pay for damages that resulted from the storm and were covered under the policy. Specifically, he did not investigate the roof leaks, which caused damage to the insulation and insulation support. This resulted in an underpayment of the claim by Scottsdale and the inability for Plaintiff to properly make repairs to the property.

K.      Defendants Scottsdale and Cabrera misrepresented that the damages caused by the wind and hailstorm were only $36,945.79.[4] However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $80,000.00.

L.      Defendants Scottsdale and Cabrera failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

M.      These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

N.      Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

O.      Defendant Scottsdale failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.

---

[4] *Id.*

Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

P.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

Q.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

R.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

S.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

T.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.    Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

U.    Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

V.    Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information.    Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE Section 542.056.

W.    Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

X.    From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was

reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

Y.   As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

Z.   Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against Scottsdale

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Scottsdale has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the

laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against Scottsdale and Cabrera**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.  Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim.  As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe.  Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period.  In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against Scottsdale and Cabrera**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA.  Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA.  Plaintiff has met all conditions

precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's Property on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights,

remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against Scottsdale and Cabrera**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's Property on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

## E.   Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against Scottsdale and Cabrera

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim.  Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – 1.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**HUMBERTO G. GARCIA, PLLC**
1350 N. Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile

By: _Humberto Garcia/per MC_
HUMBERTO G. GARCIA
Texas State Bar No. 07636620
humberto@speightsfirm.com

**SPEIGHTS & WORRICH**
1350 N. Loop 1604 E., Suite 104
San Antonio, Texas 78232

(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____

W. LEE CALHOUN
Texas State Bar No. 24078300
lee@speightsfirm.com

**ATTORNEYS FOR PLAINTIFF**



**Wardlaw Claims Service**

Wardlaw Claims Service
P.O. Box 7817
Waco, Texas, 76714
Phone-800-217-0901
Fax-877-943-8482

| | | | |
|---|---|---|---|
| Insured: | JK ENTERPRISES LLC DBA J KLINE JR<br>ENTERPRISES LLC | | |
| Property: | 1401 SAM BASS RD<br>ROUND ROCK, TX 78681-4139 | | |
| Business: | 1401 SAM BASS RD<br>ROUND ROCK, TX 78681 | | |
| Home: | 1401 SAM BASS RD<br>ROUND ROCK, TX 78681-4139 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Ron Patton | Business: | (480) 635-2345 |
| Business: | 8877 N GAINEY CENTER DR<br>SCOTTSDALE, AZ 85258-2108 | Home: | (480) 635-2345 |
| | | E-mail: | PATTONR2@scottsdaleins.com |

| | | |
|---|---|---|
| Claimant: | JK ENTERPRISES LLC DBA J KLINE JR<br>ENTERPRISES LLC | |
| Business: | 1401 SAM BASS RD<br>ROUND ROCK, TX 78681 | |

| | | | |
|---|---|---|---|
| Estimator: | ADAM CABRERA | Business: | (830) 237-5855 |

**Claim Number:** 01611367        **Policy Number:** CPS1951808        **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 9/12/2014 2:00 PM | | |
| Date of Loss: | 3/28/2014 | Date Received: | 9/10/2014 |
| Date Inspected: | 9/15/2014 12:00 PM | Date Entered: | 9/12/2014 8:17 PM |
| Date Est. Completed: | 9/19/2014 3:17 PM | | |

| | |
|---|---|
| Price List: | TXAU8X_SEP14<br>Restoration/Service/Remodel |
| Estimate: | JK_ENTERPRISES_LLC_D |

**EXHIBIT**

**A**

 **Wardlaw Claims Service**

Wardlaw Claims Service
P.O. Box 7817
Waco, Texas, 76714
Phone-800-217-0901
Fax-877-943-8482

Dear Valued Customer,

Please refer to the enclosed itemized estimate. The estimate contains our valuation of the damages for the reported loss and was prepared using reasonable and customary prices for your geographic area. If this document contains estimated structural repairs and you choose to hire a contractor, please provide this estimate to them.

If any hidden, or additional damage, and/or damaged items, are discovered, please contact me or have your contractor or vendor contact me immediately. Coverage for the hidden or additional damages and/or damaged items, would need to be determined, and may require an inspection/re-inspection, before any supplemental payment would be authorized. Please do not destroy, or discard any of the hidden, or additional damages, and/or damaged items, until we have had an opportunity to review the hidden or additional damages and/or damaged items, and have reached an agreement with you on any supplemental cost.

If you, your contractor, or vendor determine that there are additional building fees and/or permits associated with the estimated repairs, that may not be included in this estimate, please contact me immediately so that I may review and make a determination as to the appropriate payment.

If a mortgage company is included on your claim payment check, please contact the mortgage company to discuss how to handle the proceeds of this payment.

Thank you for allowing Wardlaw Claims Service to serve your insurance needs. Please contact me at the numbers listed above if you have any questions regarding this estimate or any other matter pertaining to your claim.



**Wardlaw Claims Service**

Wardlaw Claims Service
P.O. Box 7817
Waco, Texas, 76714
Phone-800-217-0901
Fax-877-943-8482

**JK_ENTERPRISES_LLC_D**
Exterior

**Roof**

| DESCRIPTION | | QTY | | UNIT PRICE | | TOTAL |
|---|---|---|---|---|---|---|
| 1. Metal roofing | 8,574.00 | SF | @ | 3.86 | = | 33,095.64 |
| Orig. Desc. - Roof panel - ribbed - 26 gauge - up to 1" | | | | | | |
| 2. Ridge vent - Metal roofing - floating ventilator | 30.00 | LF | @ | 21.95 | = | 658.50 |
| 3. Neoprene pipe jack flashing for metal roofing | 1.00 | EA | @ | 39.77 | = | 39.77 |
| 4. Ridge cap - metal roofing | 82.00 | LF | @ | 4.33 | = | 355.06 |
| 5. Flashing, 14" wide | 110.00 | LF | @ | 2.75 | = | 302.50 |
| 6. Eave trim for metal roofing - 26 gauge | 122.00 | LF | @ | 4.67 | = | 569.74 |

**Left Elevation**

| DESCRIPTION | | QTY | | UNIT PRICE | | TOTAL |
|---|---|---|---|---|---|---|
| 7. Gutter - box - alumiuum - 7" to 8" | 112.00 | LF | @ | 16.18 | = | 1,812.16 |

**Grand Total Areas:**

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | SF Walls | 0.00 | SF Ceiling | 0.00 | SF Walls and Ceiling |
| 0.00 | SF Floor | 0.00 | SY Flooring | 0.00 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 0.00 | LF Ceil. Perimeter |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 177.32 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| 8,574.30 | Surface Area | 85.74 | Number of Squares | 755.37 | Total Perimeter Length |
| 112.00 | Total Ridge Length | 0.00 | Total Hip Length | | |



**Wardlaw Claims Service**

Wardlaw Claims Service
P.O. Box 7817
Waco, Texas, 76714
Phone-800-217-0901
Fax-877-943-8482

## Summary for BUILDING 1

| | |
|---|---:|
| Line Item Total | 36,833.37 |
| Material Sales Tax | 1,019.00 |
| **Replacement Cost Value** | **$37,852.37** |
| Less Non-recoverable Depreciation | <906.58> |
| **Actual Cash Value** | **$36,945.79** |
| Less Deductible | (2,500.00) |
| **Net Claim** | **$34,445.79** |

ADAM CABRERA

 **Wardlaw Claims Service**

Wardlaw Claims Service
P.O. Box 7817
Waco, Texas, 76714
Phone-800-217-0901
Fax-877-943-8482

## Summary for BUILDING 1

| | |
|---|---:|
| Line Item Total | 36,833.37 |
| Material Sales Tax | 1,019.00 |
| **Replacement Cost Value** | **$37,852.37** |
| Less Non-recoverable Depreciation | <906.58> |
| **Actual Cash Value** | **$36,945.79** |
| Less Deductible | (2,500.00) |
| **Net Claim** | **$34,445.79** |

ADAM CABRERA

Envelope# 3959279

JK_ENTERPRISES_LLC_D                    10/3/2014        Page: 4



CERTIFIED MAIL

7014 2120 0001 5330 0001

LISA DAVID
*District Clerk*
*Williamson County*
P. O. Box 24
Georgetown, Texas 78627

SCOTTSDALE INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT:
CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

15-0091-c26 – PETITION – CERT MAIL